## THE HAMBURGHER COMPANY
### v.
### LEOPOLD LEVY.

*Action to Recover for Services—Evidence—Contracts—Misnomer—Conflict of Evidence—Question for Jury.*

1.  This court sustains the action of the court below in admitting in evidence certain contracts, it being plain from the entire record that they were with the defendant corporation, although they describe it by a different name than that by which it is sued.

2.  That the evidence is not only contradictory but unsatisfactory. this court being unable certainly to discover the process by which the jury reached their conclusion, does not justify an interference with the verdict.

[Opinion filed December 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. JOHN M. GARTSIDE, for appellant.

No counsel appeared for appellee.

*Per Curiam.* This was a suit by appellee to recover of appellant compensation for services rendered, the result being a verdict and judgment for appellee for $600. The appellee was employed as salesman by appellant in January, 1885, and remained in its service until April, 1886.

The Hamburgher Co. v. Levy.

The evidence shows that a written contract was made between the parties dated January 20, 1885, for the ensuing year, and on January 20, 1886, another written contract was made for the next year. The first contract was signed by the Hamburgher Bros. Co., and the second was signed by Levy only, but described appellant as Hamburgher & Garrity Company. In both it was agreed that appellee should receive ten per cent. on all his sales up to $40,000 in amount, and five per cent. on all sales over that amount. Although the written contract described appellant by a name different from that by which it is sued, it is plain from the entire record that the contracts were with appellant, that the services contracted for were rendered to it, and there being no issue as to misnomer, the point raised by appellant that the court admitted the instruments in evidence over its objection can not be considered.

It may be frankly admitted, not only that the evidence is contradictory, but that it is unsatisfactory, and that we can not certainly discover the process by which the jury reached the conclusion that appellant was indebted to appellee in the sum of $600, but that does not bring the case within any rule which justifies interference with the verdict. The same criticism may be justly made in scores of cases which are brought to the attention of this court. The answer is that the composition of juries peculiarly fits them to unravel just such difficulties, and their findings in such cases are permitted to stand unless error has intervened.

The contract may have required Levy to continue to serve appellant until January 20, 1887, as a condition of his receiving any commission, but Levy testified that appellant consented to the severing of their relations, and by their verdict the jury have found that to be true.

Finding no error of law in the record, the judgment will have to be affirmed.

*Judgment affirmed.*